STANLEY B. MICHELMAN, Respondent, v. JEROME S. LANGER ASSOCIATES, INC., Appellant-Respondent, and LE HAVRE SWIM & TENNIS CLUB, INC. et al., Respondents-Appellants.— In an action to recover damages for fraud and breach of contract, defendants appeal (by permission) from an order of the Appellate Term of the Supreme Court, 2nd and 11th Judicial Districts. dated November 1. 1972. which modified an interlocutory judgment of the Civil Court of the City of New York, County of Queens, Small Claims Part, dated January 3, 1972, in favor of plaintiff against all defendants on the issue of liability, after a nonjury trial limited to that issue, the modification being to limit plaintiff's recovery so that it be only against defendants Le Havre Swim & Tennis Club, Inc., and Le Havre Corporation, but to grant said defendants recovery over against defendant Jerome S. Langer Associates, Inc., on a cross claim for breach of contract. Order of the Appellate Term affirmed, with $20 costs and disbursements to the Le Havre defendants against defendant Langer. Gulotta, Brennan and Benjamin, JJ., concur; Martuscello, Acting P. J., and Shapiro, J., concur in the affirmance in favor of plaintiff, but otherwise dissent and vote to modify the order of the Appellate Term, in accordance with the following memorandum: Plaintiff, a member of the Le Havre Swim and Tennis Club, Inc. (the "club") commenced this action to recover damages for fraud and breach of contract against the club and also against Le Havre Corporation and Jerome S. Langer Associates, Inc. Pursuant to a written contract with the club (guaranteed by Le Havre Corporation), Langer. had agreed to manage, supervise and maintain the club's premises. Cross claims were asserted by Langer and the Le Havre defendants. The gravamen

of plaintiff's complaint was that defendants had failed to open a third swimming pool as promised and had failed to maintain and repair the premises. Langer's liability rests upon its failure to adequately perform its service contract. ' It was not, however, to open and operate a third pool unless and until requested by the club. Accordingly, Langer's liability over should be limited solely to any damages resulting from its breach of the contract with the club; and the order appealed from should be modified accordingly. By affirming the order of the Appellate Term, Langer is, in effect, being held wholly responsible to the Le Havre defendants for their failure to comply with their responsibilities to plaintiff.